**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BEATRIZ CORONA CORTES, CARLOS
CLEMENTE MAXIMINO, FRANCISCO
JAVIER GARCIA SANTOS, JOSE LUIS
LARA TORRES, JOSE ORTIZ GARCIA,
MIGUEL PANO SERRANO, SANTOS
ALEJANDRO TZUBAN TAX, and
VENANCIO SALDANA VILLANUEVA,
*individually and on behalf of others similarly situated*,

         *Plaintiffs*,

-against-

CORNED BEEF EXPRESS, LLC (D/B/A
ARTIE'S), JOHN DOE CORP. (D/B/A
NANJING), M A K FOOD GROUP INC
(D/B/A COZUMEL TORTILLA), WALTER
SINGH, AVATAR SINGH, and ARUN
KUMAR,

         *Defendants.*
-------------------------------------------------------X

**20-cv-03546-MKV**

# PLAINTIFFS' MEMORANDUM OF LAW
# IN SUPPORT OF A MOTION FOR DEFAULT JUDGMENT

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**Table of Contents**

**VENUE AND JURISDICTION**..................................................................................................1

**STATEMENT OF FACTS SUPPORTING ENTRY OF JUDGMENT** ...................................1

**CONSEQUENCES OF DEFAULT**..........................................................................................2

**PLAINTIFF'S DAMAGE CALCULATION** ............................................................................2

**DAMAGES UNDER THE F.L.S.A AND NY LABOR LAWS**……………………….………4

      Spread of Hours Pay……………………………………………………………………..6

      Three Year Statute of Limitation Under the FLSA……………………………………..6

      Wage Notice and Statement Violations………………………………………………..8

      Tools of the Trade………………………………………………………………………8

      Attorneys' Fees and Costs……………………………………………………………..9

**CONCLUSION** ........................................................................................................................10

Plaintiffs Beatriz Corona Cortes ("Plaintiff Corona" or "Mr. Corona"), Carlos Clemente Maximino ("Plaintiff Clemente" or "Mr. Clemente"), Francisco Javier Garcia Santos ("Plaintiff Garcia" or "Mr. Garcia), Jose Luis Lara Torres ("Plaintiff Lara" or "Mr. Lara"), Jose Ortiz Garcia ("Plaintiff Ortiz" or "Mr. Ortiz"), Miguel Pano Serrano ("Plaintiff Pano" or "Mr. Pano"), Santos Alejandro Tzuban Tax ("Plaintiff Tzuban" or "Mr. Tzuban"), and Venancio Saldana Villanueva ("Plaintiff Saldana" or "Mr. Saldana") (collectively as "Plaintiffs"), by counsel, submits this memorandum of law in in support of plaintiffs motion for default judgment. This memorandum solely addresses the legal issue of the method to determine plaintiffs unpaid overtime wages, *inter alia*.

## VENUE AND JURISDICTION

This is an action for unpaid overtime wages, spread of hours pay, liquidated damages, interest, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations.

The Court has subject matter jurisdiction of the Plaintiff's federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction).

## PROCEDURAL HISTORY AND STATEMENT OF FACTS SUPPORTING ENTRY OF JUDGMENT

In the interests of brevity and preservation of resources, plaintiffs incorporates here all of the procedural history and statement of facts presented in the Declaration of James O. LaRusso in Support of Plaintiff's Motion for Default Judgment. *See* Dec. of James O. LaRusso, ¶¶ 3-163.

## CONSEQUENCES OF DEFAULT

It is well settled that Defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (*quoting Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiffs maintain that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $528,699.43, and attorneys' fees and costs should be awarded in the amount of $6,569.50.

### Plaintiff's Damages Calculation

In the damages chart (Exhibit T), the Plaintiff's wage and hour damages (including overtime wage damages, spread of hours wages, liquidated damages, and interest) are calculated

2

in segments of time, broken into "Pay Periods." Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon each of the Plaintiff's affidavits, lists the number of hours worked per week in each period ("Hours Per Week in Period). The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period. Then there is a column for Paid Wages, the first column calculates the "regular rate of pay" for each period by dividing the amount actually paid each week to each Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period"). The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculations later in the chart. The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiff's affidavit. The information the number of days each week in that period for which the Plaintiff worked in excess of 10 hours per day is also included, and was therefore entitled to Spread of Hours Pay ("No. of SOH Days Per Wk in Period").

Calculations within the Chart – The "Lawful Weekly Pay" column of the chart calculates what the Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows:((greater of minimum wage or calculated base pay) * Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

The chart therefore automatically determines whether the effective calculated base rate of pay falls below the minimum wage, and if it does, it discards it. If it does not, it uses it for the subsequent calculations (as the Plaintiff is entitled to earn at least the minimum wage). The chart then automatically calculates what the hours should have been compensated at under the base rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours over 40. The Chart then subtracts the amount actually paid to Plaintiff (the "Credited Weekly Pay") and then derives the "Underpayment per Week." This number is then multiplied by the

3

number of weeks in each period and derives the total damages due for unpaid minimum wages and overtime for each period ("Unpaid Wages & OT"). The Chart then applies the liquidated damages provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on Wages & OT" by 25% for damages occurring prior to April 9, 2011 and 100% for any subsequent damages.

The unpaid spread of hours pay ("Unpaid Spread of Hours (SOH) Pay") is derived by multiplying (the number of SOH days per week) * (the number of weeks per period) * (the minimum wage). The liquidated damages on SOH pay are all calculated at the rate of 100%.

The legal basis for the damages calculations within the chart are set out below.

### DAMAGES UNDER THE FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAWS

At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). From 2011 to 2013, the minimum wage under New York law was the same as under the FLSA. The New York Minimum wage range increased to $8.00 per hour as of December 31, 2013; it further increased to $8.75 per hour as of December 31, 2014; it further increased to $9.00 per hour as of December 31, 2015; it further increased to $11.00 per hour on December 31, 2016 (in New York City); and it further increased to $13.00 per hour on December 31, 2017 (in New York City). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2.

The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004) (the court accepted the Plaintiff's estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

Here, Plaintiffs were not paid minimum wage and overtime compensation at the lawful rate. Rather, Plaintiffs fixed salary throughout their employment with Defendant did not vary. See Exhibit H.

Where an employee receives a day rate salary, "his regular rate is determined by totaling all the sums received at such day rates. . . in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112; *Charvac v. M & T Project Managers of N.Y., Inc.*, 2015 U.S. Dist. LEXIS 124906, *12 (S.D.N.Y. June 17, 2015).

Accordingly, to determine the Plaintiff's unpaid minimum wages, Plaintiff's regular rate is determined by multiplying his hourly rate by his actual hours worked per week. Then the regular rate is multiplied by 1.5 to determine the overtime rate the Plaintiff should have received (if applicable).

Plaintiffs are owed $170,585.40 in unpaid minimum wages and overtime compensation. As of July 14, 2021, Plaintiff is entitled to $48,992.26 in prejudgment interest on wages and overtime. See Exhibit T.

### Spread of Hours Pay

Plaintiff is also entitled to "spread-of-hours" pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).

As set out above, Plaintiff regularly worked more than ten hours per day throughout his entire employment.

Plaintiff is entitled to $9,939.000 in unpaid spread of hours pay. As of May 14th, 2018, Plaintiff is entitled to $2,792.98 in prejudgment interest on the unpaid spread of hours pay.

### Three Year Statute of Limitations Under FLSA

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. *See Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999);   v. IBP, Inc., 339 F.3d 894, 909

(9th Cir. 2003), aff'd, 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements. However, the Defendant knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendant did not know of the FLSA, the Defendant' actions are still willful because the Defendant failed to investigate whether their compensation policy was legal. *See Hardrick,* 63 F. Supp. 2d at 904.

Moreover, the Defendant failed to post the required information concerning the minimum wage laws, paid the Plaintiff in cash, and had no system for recording, or even having Plaintiff record, his hours. This deliberate decision to disregard both FLSA and New York law, as well as Defendant' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005)("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotations omitted).

As Plaintiff can establish that Defendant' violation of the FLSA was willful, they are entitled to a three-year limitations period under the FLSA, i.e., starting from April 8, 2013, three years before the complaint was filed. *See, e.g., Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005). Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be

calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

### Wage Notice and Statement Violations

Defendant never provided Plaintiffs with annual notices of their wages, or a wage statement, as required by NYLL §§ 195(1), 195(3). Plaintiffs are therefore each entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000 for each plaintiff.

### Tools of the Trade

Both federal and NY law do not permit an employer to charge employees for tools of the trade needed to perform their jobs.

Federal law required that wages be paid "free and clear" of all "kick-backs' directly or indirectly to the employer or to another person for the employer's benefit" 20 C.F.R. §531.35.

New York law, similarly, provides that if an employee must spend his own fund to purchase necessary equipment for the performance of his job, such expenses "must not bring the employee's wage below the required minimum wage" 12 N.Y.C.R.R. § 146-2.7(C); see also Hernandez v. JRPAC, 14-CV-4176 (PAE), 2016 U.S. Dist. Lexis 75430, *90-*96 (S.D.N.Y. June 9, 2016); Salinas v. Starjem, 123 F. Supp. 3d 442, 476 (S.D.N.Y. 2015)

Plaintiffs' total expenses on tools of the trade is $10,381.77. *See* Exhibit T.

### Liquidated Damages

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum

wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendant have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

Likewise, under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." *Wei*, 2014 U.S. Dist. LEXIS 182325, *23 (quoting N.Y. Lab. Law § 663(1)).

Given the uncontroverted evidence of Defendant' lack of good faith Plaintiff is entitled by statute to liquidated damages under the New York Labor Law, computed at 25% of the unpaid minimum and overtime wages for the period of time prior to April 9, 2011 and 100% for any subsequent unpaid minimum and overtime wages.

Plaintiff's total unpaid wages equal $170,585.40. He is entitled to liquidated damages in the amount of $177,585.40.

Plaintiff's total spread of hours damages equal $9,939.00. He is entitled to liquidated damages in the amount of $9,939.00.

## ATTORNEYS' FEES AND COSTS

The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorney's fees and costs. The total fee and disbursements are of $6,569.50, which include attorney's fees of $5,942.50, a filing fee, and fees associated with serving the Defendant with the summons and complaint.

## CONCLUSION

Based on the above information and exhibits, Plaintiffs assert the record supports a judgment against the Defendant in favor of Plaintiff in the total amount of $528,699.43 for unpaid overtime wages damages, spread of hours, liquidated damages, prejudgment interest and other claims. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

Dated:  New York, New York
        July 14, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ James O. LaRusso
James O. LaRusso, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*