UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEATRIZ CORONA CORTES et al.,

                Plaintiffs,

-v.-

CORNED BEEF EXPRESS, LLC (D/B/A ARTIE'S) et al.,

                Defendants.

20 Civ. 3546 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

    Plaintiffs filed the Complaint in this action on May 6, 2020. ECF No. 1. Defendant M A K Food Group Inc. was served on July 8, 2020. ECF No. 22. Defendant Corned Beef Express, LLC (together with M A K Food Group, the "Corporate Defendants") was served on November 19, 2020. ECF No. 27. The Corporate Defendants' responses were therefore due on July 29, 2020 and December 10, 2020, respectively. *See* ECF Nos. 22, 27; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Defendants Arun Kumar, Walter Singh, and Avatar Singh (the "Individual Defendants") were served on August 3, 2020. ECF Nos. 23, 25, 26. Their responses were therefore due on August 24, 2020. *See id.*; Fed. R. Civ. P. 12(a)(1)(A)(i). As detailed below, Defendants Walter Singh and Avatar Singh were served again on January 12, 2022. ECF Nos. 65-66. At that point, their responses were due on February 2, 2022. *See* ECF Nos. 65-66; Fed. R. Civ. P. 12(a)(1)(A)(i). None of the Defendants have responded to the Complaint or otherwise appeared.

    Upon Plaintiffs' application, *see* ECF Nos. 28-32, based on affidavits of service filed on November 18, 2020, ECF Nos. 23-27, the Clerk of Court entered certificates of default for all Defendants on March 10, 2021. ECF Nos. 34-38. On July 15, 2021, Plaintiffs moved for default

judgment.  ECF No. 44.  On December 3, 2021, the Court held a hearing, *see* ECF No. 51, at which the Court denied the motion, ECF No. 56, on three principal grounds.  First, "it [was] not clear that the individual defendants were ever properly served with the complaint."  *Id.* at 1.  The Court noted that the affidavit of service relating to the Individual Defendants indicated that they had all been "served at one address by leaving the[ summons and Complaint] with some individual who is not a party to this case, without any explanation of why that address [was] a proper address for service[.]"  Dec. 3, 2021 Hr'g Tr. 3:22-25.  Second, the Court stated that "Plaintiffs are not entitled to default judgment against the individual defendants if Plaintiffs fail to state claims against the individual defendants as employers."  ECF No. 56.  Here, Plaintiffs "ha[d] not offered [] any allegations about the role or ownership interests of these individual defendants in the business."  Dec. 3, 2021 Hr'g Tr. 4:14-23.  Finally, "Plaintiffs failed to properly serve the defendant companies with the default judgment motion and the Court's Order scheduling the hearing."  ECF No. 56 at 1.

Consistent with the Court's December 3, 2021 ruling, Plaintiffs served Defendants Avatar Singh and Walter Singh again on January 12, 2022.  ECF Nos. 65-66.  On April 26, 2023, Plaintiffs applied for certificates of default for those Defendants.  ECF Nos. 67-68.  The Clerk of Court entered certificates of default for Defendants Avatar Singh and Walter Singh on April 27, 2023.  ECF Nos. 71-72.  On May 17, 2023, following reassignment to this Court,[1] Plaintiffs again moved for default judgment as to all Defendants, ECF No. 74, and filed a declaration, memorandum of law, and proposed judgment in support.  ECF Nos. 75-76.

Plaintiffs have addressed the deficiencies that led the Court to deny their prior motion for default judgment.  As previously explained, Plaintiffs re-served Defendants Avatar Singh and

---

[1] This case was initially assigned to the Honorable Mary Kay Vyskocil.

2

Walter Singh on January 12, 2022.  ECF Nos. 65-66.  The affidavit of service dated January 13, 2022 indicates that these Defendants were served at their place of business, SAAR Indian Bistro, 241 W. 51st Street, New York, New York 10019, by leaving a copy of the summons and Complaint with Rez Karim and by mailing a copy to the same address, *id.*, rather than the deficient address identified by the Court.  ECF No. 56.  Second, with respect to the lack of "allegations about the role or ownership interests of these individual defendants in the business," Dec. 3, 2021 Hr'g Tr. at 4:14-23, Plaintiffs now aver that, "[u]pon information and belief, individual Defendants Walter Singh, Avatar Singh, and Arun Kumar, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise."  ECF No. 75 ¶ 26; *see also id.* ¶ 22 ("Defendants owned, operated, or controlled three restaurants, located at 2290 Broadway, New York, NY 10024 under the name 'Artie's', at 241 W 51st Street, New York, NY 10019 under the name 'Nanjing', and at 877 10th Avenue, New York, NY 10019 under the name 'Cozumel Tortilla.'").

      Plaintiffs' papers in support of their motion are in good order.  If Defendants wish to oppose the motion, then their counsel shall, (1) by **March 25, 2024**, file a notice of appearance, and (2) by **March 29, 2024**, file an opposition explaining why a default judgment is not warranted.

      Plaintiffs have already filed proof of service of the papers in support of the motion for a default judgment.  ECF No. 77.  Within **two business days of the date of this Order**, Plaintiffs shall serve Defendants with a copy of this Order by overnight courier and file proof of such service on the docket.

SO ORDERED.

Dated: March 18, 2024
       New York, New York

                                                JENNIFER H. REARDEN
                                                United States District Judge