USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEATRIZ CORONA CORTES et al.,

                Plaintiff,

-v.-

CORNED BEEF EXPRESS, LLC et al.,

                Defendants.

20 Civ. 3546 (JHR)

ORDER OF DISMISSAL

JENNIFER H. REARDEN, District Judge:

On May 6, 2020, Plaintiffs filed a Complaint in this action alleging denial of overtime compensation. *See* ECF No. 1. After the Court ordered Plaintiffs to show cause why "no proof of service of the summons and complaint [had yet] been filed," *see* ECF No. 21, Defendants M A K Food Group Inc., Avatar Singh, Sue Zouky, Walter Singh, Arun Kumar, and Corned Beef Express, LLC were served with process on: July 8, 2020, *see* ECF No. 22, 24; August 3, 2020, *see* ECF Nos. 23, 25, 26; and November 19, 2020, *see* ECF No. 27.[1] Defendants' responses therefore were due on July 29, 2020; August 24, 2020; and December 12, 2020, respectively. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Defendants did not respond to the Complaint or otherwise appear.

Although Plaintiffs obtained certificates of default, *see* ECF Nos. 34-38, they failed to "file[] any motions for default judgments or take[] any other action to prosecute this case." ECF No. 41. On June 23, 2021, the Court issued an Order to Show Cause, noting that "Plaintiffs ha[d] not filed any motions for default judgment or taken any other action to prosecute this case." *Id.* The Order to Show Cause directed Plaintiffs, by July 14, 2021, to show cause "why

---

[1] This case was originally assigned to the Honorable Mary Kay Vyskocil and reassigned to this Court in 2023.

this case should not be dismissed, pursuant to Rule 41(b), for failure to prosecute"; to "explain why the Court should not sanction counsel"; and to "affirm to the Court" that they had "inform[ed] Plaintiffs that Plaintiffs, personally, [we]re ultimately prosecuting their case and that their case [could] be dismissed, with prejudice, based on their chosen counsel's conduct." *Id.* Plaintiffs then responded to the Order to Show Cause, *see* ECF No. 43, and sought a default judgment against all Defendants, filing a declaration, memorandum of law, and proposed judgment in support, *see* ECF Nos. 44-47. But after a default judgment hearing, *see* Dec. 3, 2021 Minute Entry, the Court denied the motion on the ground of improper service and cautioned Plaintiffs that "failure to take all steps necessary to move this case towards a resolution might result in dismissal with prejudice for failure to prosecute." ECF No. 56.

After the case was reassigned to this Court on January 24, 2023, *see* ECF No. 59, the Court ordered that, "[i]f Plaintiffs wish[ed to] renew their motion for default judgment, ECF 44, denied at ECF 56, they should do so by motion or letter-motion filed by May 1, 2023." ECF No. 64. After requesting and securing an extension to May 17, 2023, *see* ECF Nos. 70, 73, Plaintiffs moved for a default judgment and filed a declaration and proposed judgment in support. ECF Nos. 74-76. The Court determined, however, that "Plaintiffs' submissions fail[ed] to establish that defendants 'were liable as a matter of law.'" ECF No. 80 (quoting *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)). In addition, the Court directed that, "[i]f Plaintiffs plan[ned] to proceed with seeking a default judgment, then by no later than **April 10, 2024**, they [should] file a corrected motion for default judgment in accordance with the Court's Individual Rules and Practices in Civil Cases." *Id.* The Court further admonished that "**[f]ailure to submit a timely and proper motion for default judgment [might] result in dismissal without prejudice of this case**." *Id.* (citing earlier warning of dismissal at ECF No. 41). Plaintiffs served that Order

on Defendants on March 28, 2024, *see* ECF No. 81.  In more than a year since then, Plaintiffs have not renewed their motion for a default judgment or filed anything else on the docket.

For the foregoing reasons, under Federal Rule of Civil Procedure 41(b) and the Court's inherent power, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962), the Court hereby dismisses this case, without prejudice, for failure to prosecute.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April 14, 2025
        New York, New York

                                                            *Jennifer H. Rearden*
                                                    _____
                                                    JENNIFER H. REARDEN
                                                    United States District Judge

3